UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO IZQUIERDO, | |
| Plaintiff, | No. C 15-4870 NC (PR) |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| M. SPEARS, Warden, | |
| Defendant. | |

Plaintiff Pedro Izquierdo, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.[1] Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

### I.  Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Compl. at 4.)

28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Plaintiff's Claim

According to the complaint, on December 3, 2014, Plaintiff was found guilty of "Conduct Conducive to Violence," a serious rules violation. He was assessed a 30-day credit forfeiture, and a 90-day placement into Privilege Group C. Plaintiff disputes that he was guilty of the offense, stating that his actions were non-threatening. Plaintiff also disputes the evidence upon which the Senior Hearing Officer relied.

In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the revocation of good-time credits does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record. Liberally construed, Plaintiff has stated a cognizable claim.[2]

However, Plaintiff names Warden M. Spears as the sole defendant. "In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). Here, even with liberal construction, Plaintiff has not provided any facts leading to a reasonable inference that Warden M. Spears may be liable for

---

[2] At this time, the court expresses no opinion on whether Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

violating Plaintiff's constitutional rights.  Accordingly, Warden M. Spears is DISMISSED.  Liability may only be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).  Plaintiff will be given leave to amend to name a proper defendant.

Because district courts must afford *pro se* prisoner litigants an opportunity to amend to correct any deficiency in their complaints, the complaint will be dismissed with leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

## CONCLUSION

1.   The complaint is DISMISSED with leave to amend.  If Plaintiff believes he can cure the above-mentioned deficiency in good faith, he must file an amended complaint within **twenty-eight days** from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 15-4870 NC (PR)) and the words AMENDED COMPLAINT on the first page.  **Failure to file an amended complaint within twenty-eight days and in accordance with this order may result in the dismissal of this case. The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.**

2.   Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: January 6, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge